**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DON-LEE GRAYSON,

                              Plaintiff,

    v.                                               9:16-CV-1118 (GLS/ATB)

C.O. COURTNEY and C.O. JAQUISH,

                              Defendants.

---

DON-LEE GRAYSON, Plaintiff, pro se
RACHEL MAMAN KISH, Asst. Attorney General for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, Senior United States District Court Judge. In this amended civil rights complaint, plaintiff claims that he has been subjected to unwanted second-hand tobacco smoke from October 6, 2015 until the present while he has been incarcerated in the Clinton Correctional Facility Annex ("Clinton Annex"). (Amended Compl. ("AC") (Dkt. No. 27). Plaintiff claims that defendants Courtney and Jacquish, both corrections officers ("CO") at Clinton Annex, condoned violation of, and failed to enforce, the facility's no smoking policy, causing plaintiff to suffer serious allergic reactions. (AC ¶¶ III(7)-III(9)). Plaintiff asserts a violation of his Eighth Amendment right to be free from unconstitutional conditions of confinement. Plaintiff seeks declaratory, injunctive, and monetary relief. (AC ¶ VI).

Presently before the court is the defendants' motion to dismiss for failure to state

a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 35). Although plaintiff requested additional time for responding to defendants' motion, he has failed to do so. (Dkt. Nos. 37, 38). For the following reasons, this court will recommend granting the defendants' motion in part, and denying the motion in part.

I. **Motion to Dismiss**

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any

2

documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

## II.     Official Capacity Claims/Eleventh Amendment

### A.     Legal Standards

The state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. An

action against state officers in their official capacities is tantamount to an action against the state. *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 87 & n.1 (2d Cir. 1991) (citations omitted). Money damages may not be recovered from state officers sued in their official capacities. *JTE Enterprises, Inc.*, 2 F. Supp. 3d at 340 (citing *Will*, 491 U.S. at 71). Prospective injunctive relief is available against individuals in their official capacities in order to correct an ongoing violation of federal law. *Id.* (citing inter alia *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

B.   **Application**

Defendants argue that plaintiff's amended complaint must be dismissed as to the defendant corrections officers "in their official capacities." To the extent that plaintiff is seeking damages, the defendants are correct. Plaintiff may not recover damages against the officers in their "official capacities." In an order granting in part plaintiff's motion to file an amended complaint (Dkt. No. 20), Judge Sharpe denied plaintiff's request to bring an action for damages against the officers in their official capacities. (Dkt. No. 25 at 4). Plaintiff's subsequently-filed amended complaint included the words: "official capacity" in the caption and in the description of the defendants.[1] (AC at p.1 & ¶ 6). However, to the extent that the plaintiff is seeking "prospective injunctive relief," he may continue to name the defendants in their official capacities. Thus, the court recommends dismissal of the official capacity claims only insofar as the amended complaint may be interpreted as requesting damages against defendant

---

[1] Plaintiff was given permission to amend his complaint without an accompanying proposed pleading because the only amendment he sought was to replace the "John Doe" defendants with the named defendants Courtney and Jaquish. (Dkt. No. 25 at 3-4).

4

Courtney and Jaquish in their official capacities.

## III. Exhaustion of Administrative Remedies

### A. Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *See, e.g., Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing

5

suit in federal court. 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of harassment. *Id*. § 701.8. Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (i), 701.5.

Until recently, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion

6

requirement. *Id.*

The Supreme Court has now made clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1857 (June 6, 2016). "'[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, __ U.S. at __, 136 S. Ct. at 1857). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, __ U.S. at __, 136 S. Ct. at 1858. Courts evaluating whether an inmate has exhausted his or her administrative remedies must focus on whether those remedies were "available" to the inmate. *Id. See also Riles*, 2016 WL 4572321 at *2. Defendants bear the burden of proving the affirmative defense of failure to exhaust. *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

**B.    Application**

Defendants argue that plaintiff admits that he has failed to exhaust his administrative remedies on the face of the amended complaint. (Def.s' Mem. of Law at 3-6). In the amended complaint, plaintiff states that he

> used the Prisoner Grievance Procedure available at [Clinton Annex] to try to resolve the problem he now claims. On May 11, 2016, Plaintiff presented the facts relating to his complaint. Until the present day, Plaintiff has not received any responses. No denial of receiving the grievances, nothing. No appeal has been taken due to no reply from the

7

Grievance Committee or Superintendent M. Kirkpatrick.

(AC ¶ IV(10)). Defendants are correct in stating that it is clear that plaintiff did not exhaust his administrative remedies. However, the inquiry does not end here. While it is true that if a grievance is actually filed, plaintiff is not excused from appealing if he does not receive a response to the grievance within the time set forth in the regulations. *See* 7 N.Y.C.R.R. § 701.6(g)(2) (an inmate may appeal a grievance to the next level if he does not receive a timely response).

However, in *Williams*, the Second Circuit reversed the district court's dismissal of the plaintiff's complaint for failure to state a claim on the basis of failure to exhaust when the plaintiff alleged that his grievance was never filed. The district court reasoned that even if Williams's grievance had never been filed, he still could have appealed it to the next level because "the regulations allow an appeal in the absence of a response." 829 F.3d at 121. The Second Circuit found that, even though the administrative remedy was "on the books," it gave no guidance "to an inmate whose grievance was never filed." *Id.* at 124. Because the defendant's motion was one to dismiss for failure to state a claim, the court accepted "as true Williams's allegation that the corrections officer never filed his grievance." *Id.* The court held that the appeal process was "unavailable" because the procedure was "prohibitively opaque" so that "no inmate could actually make use of it." *Id.* at 126.

In *Shaw v. Otiz*, the court found that plaintiff failed to complete the grievance process by failing to appeal to the CORC after the Superintendent "ignored" his letter, and plaintiff stated that the officers "'must have been misplacing [his] mail.'" *Shaw v.*

8

*Ortiz*, No. 15-CV-8964, 2016 WL 7410722 at *5 (S.D.N.Y. Dec. 21, 2016). Accepting the plaintiff's statements as true, the court denied defendants' motion to dismiss because the court could not determine from the face of the complaint whether the administrative remedies were actually "available." *Id.* In this case, plaintiff comment that there was "no denial of receiving the grievance, nothing" may mean that he filed the grievance, but received no response from the grievance committee or the Superintendent, in which case, his failure to exhaust would not be excused because he could have appealed to the next level, after failing to obtain a response to his grievance. The statement could also be interpreted as claiming that the grievance committee and/or the Superintendent never acknowledged receipt of the grievance, which could mean that the grievance was never filed, in which case, the time for appeal would never have started to run, and without more, the administrative remedies could be considered "unavailable" under *Williams*.

Because it is unclear from the face of plaintiff's amended complaint whether his failure to exhaust his administrative remedies may be excused, and it is the defendants' burden to establish the affirmative defense of failure to exhaust, this court will recommend denying the motion to dismiss. The denial should be without prejudice to defendants filing a properly supported motion for summary judgment regarding the exhaustion issue. *See also Daly v. New York City*, No. 16 Civ. 6521, 2107 WL 2364360, at *3 (S.D.N.Y. May 30, 2017) (citing *Franklin v. New York City*, No. 16 Civ. 5549, 2017 WL 776105, at *5 (S.D.N.Y. Feb. 10, 2017) (where plaintiff alleged he did not receive response to grievance and failed to file appeal, court could not determine

9

from face of complaint whether plaintiff "has failed to exhaust available remedies"); *Shaw, supra*, *Rep't Rec. adopted* 2017 WL 2963502 (S.D.N.Y. Jul 11, 2017) (same)).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. no. 35) be **GRANTED IN PART**, and that any claim for damages against the defendants in their official capacities be dismissed with prejudice, and it is

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 35) be **DENIED IN ALL OTHER RESPECTS, WITHOUT PREJUDICE TO THE SUBMISSION OF A PROPERLY SUPPORTED MOTION FOR SUMMARY JUDGMENT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 22, 2017

*[signature: Andrew T. Baxter]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge